Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Michael J. Mehalich**
**Lindsey A. Mehalich**
   Debtor(s)

Bankruptcy Case No.: 20−22651−GLT
Issued Per Nov. 2, 2020 Proceeding
Chapter: 13
Docket No.: 25 − 20
Concil. Conf.: March 25, 2021 at 10:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)* **PLAN CONFIRMATION:**

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated October 7, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒  A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $2,663 as of November 2020. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐  B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☒  C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Mar. 25, 2021 at 10:00 AM, in remotely by the Trustee via Zoom, how to participate:goto www.ch13pitt.com, meetings@chapter13trusteewdpa.com.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐  D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐  E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐  F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐  G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒  H.   Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

*(2.)*  *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**  **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**  **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**  **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**  **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**  **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty-one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre-confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any **secured claim** that is secured by the subject property, unless directed otherwise by further Order of Court.

Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: November 4, 2020

cc:   All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court

Western District of Pennsylvania

In re:     Case No. 20-22651-GLT

Michael J. Mehalich     Chapter 13

Lindsey A. Mehalich

    Debtor(s)

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: jhel | Page 1 of 3 |
| Date Rcvd: Nov 04, 2020 | Form ID: 149 | Total Noticed: 32 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++     Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 06, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Michael J. Mehalich, Lindsey A. Mehalich, 221 Long Ridge Drive, Coraopolis, PA 15108-4046 |
| 15287719 | | Amato and Keating, P.C., 4232 Northern Pike, Suite 102, Monroeville, PA 15146-2719 |
| 15297603 | + | American Express, P.O. Box 981537, El Paso, TX 79998-1537 |
| 15297604 | + | American Express Legal, Jordan W. Felzer, 261 Old York Road, Suite 832, Jenkintown, PA 19046-3713 |
| 15292566 | | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 15297605 | ++ | BANK OF AMERICA, PO BOX 982238, EL PASO TX 79998-2238 address filed with court:, Bank of America, P.O. Box 982238, El Paso, TX 79998 |
| 15292033 | | Bank of America, N.A., PO BOX 31785, TAMPA, FL 33631-3785 |
| 15299288 | + | Bank of America, N.A., P O Box 982284, El Paso, TX 79998-2284 |
| 15297607 | + | Citicards CBNA, 5800 South Corporate Place, Mail Code 234, Sioux Falls, SD 57108-5027 |
| 15300719 | + | Comdata Inc, 5301 Maryland Way, Ste 100, Brentwood TN 37027-5028 |
| 15297610 | + | Fed Loan Servicing, P.O. Box 60610, Harrisburg, PA 17106-0610 |
| 15297612 | | HSBC Bank, P.O. Box 9, Buffalo, NY 14203 |
| 15294094 | + | Midland Credit Management, Inc., PO Box 2037, Warren, MI 48090-2037 |
| 15297613 | | Midland Mortgage, a Division of Midfirst Bank, P.O. Box 268959, Oklahoma City, OK 73126-8959 |
| 15297615 | ++ | PNC BANK RETAIL LENDING, P O BOX 94982, CLEVELAND OH 44101-4982 address filed with court:, PNC Bank, N.A., P.O. Box 3180, Pittsburgh, PA 15222 |
| 15301608 | ++ | PNC BANK RETAIL LENDING, P O BOX 94982, CLEVELAND OH 44101-4982 address filed with court:, PNC Bank, N.A., PO Box 94982, Cleveland, OH 44101 |
| 15297618 | + | The Bureaus, Inc., 650 Dundee Road, Suite 370, Northbrook, IL 60062-2757 |

TOTAL: 17

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: kburkley@bernsteinlaw.com | Nov 05 2020 03:10:00 | Duquesne Light Company, c/o Bernstein-Burkley, P.C., 707 Grant Street, Suite 2200, Gulf Tower, Pittsburgh, PA 15219-1945 |
| cr | + | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Nov 05 2020 03:00:30 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 15302647 | | Email/Text: GUARBKe-courtdocs@ascendiumeducation.org | Nov 05 2020 03:09:00 | Ascendium Education Solutions, Inc., PO Box 8961, Madison WI 53708-8961 |
| 15295322 | | Email/Text: ally@ebn.phinsolutions.com | Nov 05 2020 03:09:00 | Ally Bank, PO Box 130424, Roseville MN 55113-0004 |
| 15297601 | + | Email/Text: ally@ebn.phinsolutions.com | Nov 05 2020 03:09:00 | Ally Financial, P.O. Box 380901, Bloomington, MN 55438-0901 |
| 15306948 | + | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Nov 05 2020 03:00:30 | Bureaus Investment Group Portfolio No 15 LLC, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk VA 23541-1021 |
| 15291058 | | Email/Text: Bankruptcy.RI@Citizensbank.com | Nov 05 2020 03:09:00 | Citizens Bank N.A., One Citizens Bank Way JCA115, Johnston, RI 02919 |
| 15297608 | + | Email/Text: Bankruptcy.RI@Citizensbank.com | | |

Case 20-22651-GLT    Doc 26    Filed 11/06/20    Entered 11/07/20 00:33:06    Desc Imaged
Certificate of Notice    Page 5 of 6

| District/off: 0315-2 | User: jhel | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Nov 04, 2020 | Form ID: 149 | Total Noticed: 32 |

| Recip ID | | Notice Type | Date/Time | Recipient |
|---|---|---|---|---|
| | | | Nov 05 2020 03:09:00 | Citizens Bank, 1000 LaFayette Gill, Bridgeport, CT 06604-4725 |
| 15297609 | + | Email/PDF: pa_dc_ed@navient.com | Nov 05 2020 03:00:31 | Dept. of Ed/Navient, P.O. Box 9635, Wilkes Barre, PA 18773-9635 |
| 15297611 | | Email/Text: bk@freedomfinancialnetwork.com | Nov 05 2020 03:09:00 | Freedom Plus, 1875 S. Grant Street, Suite 400, San Mateo, CA 94402 |
| 15297614 | + | Email/PDF: pa_dc_claims@navient.com | Nov 05 2020 02:58:47 | Navient, P.O. Box 9500, Wilkes Barre, PA 18773-9500 |
| 15297615 | | Email/Text: Bankruptcy.Notices@pnc.com | Nov 05 2020 03:09:00 | PNC Bank, N.A., P.O. Box 3180, Pittsburgh, PA 15222 |
| 15301608 | | Email/Text: Bankruptcy.Notices@pnc.com | Nov 05 2020 03:09:00 | PNC Bank, N.A., PO Box 94982, Cleveland, OH 44101 |
| 15297617 | + | Email/PDF: gecsedi@recoverycorp.com | Nov 05 2020 03:00:27 | SYNCB/Old Navy, 4125 Windward Plaza, Alpharetta, GA 30005-8738 |
| 15299553 | | Email/Text: bankruptcy@bbandt.com | Nov 05 2020 03:09:00 | Sheffield Financial, PO Box 1847, Wilson, NC 27894-1847 |
| 15297616 | + | Email/Text: bankruptcy@bbandt.com | Nov 05 2020 03:10:00 | Sheffield Financial Corp., PO Box 1704, Clemmons, NC 27012-1704 |
| 15288122 | + | Email/PDF: gecsedi@recoverycorp.com | Nov 05 2020 03:00:27 | Synchrony Bank, c/o of PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 17

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | MidFirst Bank |
| 15297602 | * | Amato and Keating, P.C., 4232 Northern Pike, Suite 102, Monroeville, PA 15146-2719 |
| 15298915 | * | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 15297606 | *+ | Bank of America, N.A., P.O. Box 31785, Tampa, FL 33631-3785 |

TOTAL: 1 Undeliverable, 3 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 06, 2020    Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 4, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor MidFirst Bank bnicholas@kmllawgroup.com |

| | | |
|---|---|---|
| District/off: 0315-2 | User: jhel | Page 3 of 3 |
| Date Rcvd: Nov 04, 2020 | Form ID: 149 | Total Noticed: 32 |

Keri P. Ebeck
    on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com

Matthew M. Herron
    on behalf of Joint Debtor Lindsey A. Mehalich mmh@thedebtdoctors.com  hgs@thedebtdoctors.com;alb@thedebtdoctors.com

Matthew M. Herron
    on behalf of Debtor Michael J. Mehalich mmh@thedebtdoctors.com  hgs@thedebtdoctors.com;alb@thedebtdoctors.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

TOTAL: 6